UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HENRY IVERS, | ) ) ) | |
| Plaintiff, *Pro Se* | ) ) | |
| v. | ) ) | Civil No. 18-cv-12120-LTS |
| U.S. SECURITY AND EXCHANGE COMMISSION | ) ) ) ) | |
| Defendant. | ) ) ) | |

ORDER ON MOTION TO DISMISS (DOC. NO. 23)

September 27, 2019

SOROKIN, J.

Pro se Plaintiff Henry Ivers filed an Amended Complaint against the United States Security and Exchange Commission ("SEC") contenting that: (1) as a part of his insurance agency, he sold an annuity contract issued by Lincoln Financial Group ("LFG"); and (2) when he attempted to exercise a transfer provision in the annuity contract, LFG declined to permit the transfer, allegedly in violation of the terms of the contract. Doc. No. 18 at 4. Thereafter, Ivers brought these allegations to the SEC's attention, as well as his contention that LFG is engaging in similar conduct as to many other annuity holders. Id. According to Ivers, the SEC has taken no action to address his grievance, so he brought this lawsuit requesting that the Court order the SEC to investigate his complaint. Id. His Amended Complaint contains no other material allegations and he seeks no other relief.[1] The SEC has moved to dismiss, arguing that Ivers'

---

[1] The SEC previously moved to dismiss Ivers' first Complaint for lack of subject matter jurisdiction. Doc. No. 16. That motion was denied as moot when Ivers submitted his Amended Complaint. Doc. No. 22.

Amended Complaint does not identify any claim on which relief can be granted and that this court lacks subject matter jurisdiction over the suit. Doc. No. 23.

"A federal court has subject matter jurisdiction over a suit against the United States only if Congress has waived sovereign immunity and provided consent to be sued." Denis v. Cayanus, 2013 WL 5537308, at *1 (D. Mass. 2013) (citing United States v. Mitchell, 445 U.S. 535, 538 (1980)). Congress has not waved sovereign immunity for matters that are "statutorily committed to agency discretion," such as the SEC's decision not to bring an action. Sprecher v. Graber, 716 F.2d 968, 974 (2d Cir. 1983); see also Trade of City of Chicago v. SEC, 883 F.2d 525, 530-31 (7th Cir. 1989) (holding that the SEC's "[r]efusal to prosecute is a classic illustration of a decision committed to agency discretion"). Thus, the SEC's Motion to Dismiss is ALLOWED.

                                                                            SO ORDERED.

                                          /s/ Leo T. Sorokin
                                          Leo T. Sorokin
                                          United States District Judge